1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

Case No.:  20-cr-2728 WQH

12

Plaintiff,

**ORDER**

13

v.

14

CAROLINE LAMBSON,

15

Defendant.

16

HAYES, Judge,

17

    The matter before the Court is the emergency motion for sentence modification

18

pursuant to § 3582(c)(1)(A) (ECF No. 138) filed by Defendant.

19

**FACTS**

20

    On July 22, 2021, this Court sentenced Defendant to serve 12 months and one day

21

in the custody of the Bureau of Prisons for importation of methamphetamine in violation

22

of 21 U.S.C. § 952 and 960.  Defendant surrendered for service of sentence at the institution

23

designated by the Bureau of Prisons on March 17, 2022.

24

    On April 19, 2022, Defendant filed an emergency motion for sentence modification

25

pursuant to § 3582(c)(1)(A).  Defendant moves the Court to reduce her sentence to time

26

served and substitute her prison term with an extended term of supervised release to allow

27

her to continue caring for her mother.  Defendant asserts that she is the only person

28

available who can provide the level of care her mother will need as she recovers from lung

cancer. Defendant asserts that extraordinary and compelling reasons exist to reduce her sentence. Plaintiff United States contends that statute does not authorize a reduction in sentence to provide care for a parent. Plaintiff United States further asserts that the record in this case does not establish that Defendant's mother cannot afford to pay a caregiver. Plaintiff United States asserts that the sentencing factors in 18 U.S.C. § 3553(a) support the sentence imposed.

### RULING OF THE COURT

18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include two categories of family circumstances:

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. n.1(C). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). These guideline provisions are not a limitation on the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant admitted that she intentionally drove a vehicle into the United States with two passengers. Defendant admitted that concealed on her person was

approximately 3.22 pounds of methamphetamine.  The presentence report concluded that the guideline range was 30-37 months.

At sentencing, the Court found the sentencing guideline range was 24-30 months. The Court found that the nature and circumstances of the offense were aggravated based upon the nature of the drug.  Applying the factors under 18 U.S.C. § 3553(a), the Court granted a significant departure and sentenced the Defendant to the custody of the Bureau of Prisons for 12 months and one day, less than half of the custody at the low end of the guideline range.  The Court found that a time-served sentence for the Defendant who brought methamphetamine into the United States strapped to her would promote an unwarranted sentencing disparity. The Court concluded that 12 months and one day custody was the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a) based upon the seriousness of the offense.

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D).  The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *Id*.  These factors weigh against reducing the Defendant's sentence in light of the significant departure applied by the Court at the time of sentencing, and the seriousness of the offense.  Reducing this Defendant's sentence to time served would produce an unwarranted disparity among similarly situated defendants and fail to afford adequate deterrence to criminal conduct.

A district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010).  A

narrow exception in § 3582(c)(1)(A) provides for a reduction in a final sentence when "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A)(i). After considering the factors set forth in §3553(a), the Court concludes that Defendant's family circumstances do not meet the requirements for "extraordinary and compelling reasons" to modify a term of imprisonment pursuant to §3582(c)(1)(A).  Many inmates have parents in need of care and support.  A sentence reduction in this case would not be consistent with the factors under § 3553(a) and any applicable policy statement issued by the Sentencing Commission.

IT IS HEREBY ORDERED that the emergency motion for sentence modification pursuant to § 3582(c)(1)(A) (ECF No. 138) is denied.

Dated:  May 23, 2022

Hon. William Q. Hayes
United States District Court